# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| TERRANCE REESE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.　3:25-CV-187-DCLC-JEM |
| | ) | |
| OFFICER REESE AND OFFICER FINCH, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

This is a prisoner's pro se action for violation of 42 U.S.C. § 1983 in which Plaintiff, an inmate confined in the Knox County Jail, alleges that Defendants repeatedly opened his legal mail before giving it to him, even after he filed a request for his legal mail to be opened in his presence [Doc. 2].  Now before the Court are Defendants' motion to dismiss the complaint for failure to state a claim upon which relief may be granted under § 1983 under Rule 12(b)(6) of the Federal Rules of Civil Procedure [Doc. 14], motion to strike Plaintiff's consent to the magistrate [Doc. 17], motion to stay this action pending the Court's ruling on their motion to dismiss [Doc. 20], and objection to Plaintiff's discovery [Doc. 21].  Also before the Court is Plaintiff's motion to compel discovery [Doc. 22].

For the reasons set forth below, Defendants' motion to strike Plaintiff's consent [Doc.  17] will be **DENIED**.  Also, as Plaintiff has not alleged that Defendants' alleged opening of his legal mail caused prejudice to any legal claim or otherwise violated his constitutional rights, Defendants' motion to dismiss the complaint [Doc. 14] will be **GRANTED**.  Accordingly, Defendants' objection to Plaintiff's discovery [Doc. 21] will be **OVERRULED as moot**, and the other pending motions in this case [Docs. 20, 22] will be **DENIED as moot**.

## I.  CONSENT

After Plaintiff filed a consent form indicating that the parties consent to the Magistrate Judge [Doc. 16], Defendants filed a motion to strike that consent form asserting that Plaintiff did not obtain their consent to file that form [Doc. 17].  They also filed their notice of non-consent [Doc. 18].

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 7(a) specifies that only a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer qualify as pleadings and states that "[o]nly these pleadings are allowed."

Plaintiff's consent form is not a pleading, such that the Court would strike it.  *See Fox v. Michigan State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006).  But even if the Court could exercise its discretion to strike the consent form, it would not, as the record as a whole demonstrates that Plaintiff consents to the jurisdiction of the Magistrate Judge, but Defendants do not [Docs. 16, 18].

Accordingly, Defendants' motion to strike [Doc. 17] is **DENIED**.

## II.  MOTION TO DISMISS

As set forth above, Defendants have filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted because Plaintiff has not alleged that their alleged acts of reading his legal mail prejudiced a legal matter or interfered with his relationship with his counsel, in which they also assert that they are entitled to qualified immunity for these same reasons [Doc. 14].  Plaintiff filed an untimely response in opposition to this motion to dismiss asserting that he had a clearly established right to be free of any interference with his legal mail

after he filed the request for legal mail to be opened in his presence [Doc. 23]. Defendants filed a reply [Doc. 24].

For the reasons set forth below, even if the Court considers Plaintiff's response in opposition to the motion to dismiss despite its untimeliness, Plaintiff's complaint does not plausibly allege that Defendants violated his clearly established constitutional rights under the applicable law. Accordingly, Defendants are entitled to qualified immunity, and Defendants' motion to dismiss [Doc. 14] will be **GRANTED**.

### A.    Standard

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

When considering a plaintiff's claims, all factual allegations in the complaint must be taken as true. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, the Supreme Court has cautioned:

> Determining whether a complaint states a plausible claim for relief will. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 679 (internal citations omitted).

3

Additionally, while Plaintiff's claim survived an initial screening under the Prison Litigation Reform Act ("PLRA"), the standard for a Rule 12(b)(6) motion is a higher bar than the standard in 28 U.S.C. § 1915. *See, e.g., Leach v. Corr. Corp. of Am.*, No. 3:16-CV-2876, 2017 WL 35861, at *3 (M.D. Tenn. Jan. 4, 2017) (stating the required screening of a plaintiff's complaint under the PLRA is "a lower burden for the plaintiff to overcome in order for his claims to proceed" than a motion to dismiss under Rule 12(b)(6)).

**B.      Allegations**

In his complaint, Plaintiff alleges in relevant part that in February, March, and April of 2025, Defendants opened nine pieces of his legal mail from various courts and the Office of the Attorney General outside of his presence even though he had previously requested that legal mail be opened only in his presence [Doc. 2 p. 3–5].  Plaintiff asserts that this violated his First, Sixth, and Fourteenth Amendment rights [*Id.* at 5–11].

**C.      Analysis**

In their motion to dismiss, Defendants assert that Plaintiff has not adequately pled a violation of his clearly established constitutional rights under the First, Fourteenth, or Sixth Amendments, and that they are therefore entitled to dismissal of his claims against them pursuant to Rule 12(b)(6) and under the doctrine of qualified immunity [Doc. 14].  The Court agrees.

Qualified immunity protects governmental employees from individual, civil liability as long as their conduct does not violate clearly established "constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  It is a defense that protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).  To determine whether a defendant is entitled to qualified immunity, courts "inquire (1) whether the facts, when taken in the light most favorable to the party asserting the injury, show that the officer's conduct violated a constitutional right; and

4

(2) whether that right was clearly established such that 'a reasonable official would understand what he is doing violates that right.'" *Woodcock v. City of Bowling Green*, 679 F. App'x 419, 423 (6th Cir. 2017) (quoting *Saucier v. Katz*, 533 U.S. 194, 201–02 (2001), *overruled on other grounds by Pearson v Callahan*, 555 U.S. 223, 229 (2009)). If the answer to either question is "No," then the official is entitled to qualified immunity. *Gordon v. Bierenga*, 20 F.4th 1077, 1082 (6th Cir. 2021).

Accordingly, if courts disagree on an issue at the time the defendant acted, it is "unfair" to punish the defendant "for picking the losing side in the controversy." *Pearson,* 555 U.S. at 245. Thus, "officials are 'entitled to qualified immunity [when] their decision was reasonable, even if mistaken.'" *Toms v. Taft,* 338 F.3d 519, 524 (6th Cir. 2003) (quoting *Hunter v. Bryant*, 502 U.S. 224, 229 (1991)); *Humphrey v. Mabry*, 482 F.3d 840, 847 (6th Cir. 2007) ("Qualified immunity leaves government authorities 'ample room for mistaken judgments.'" (quoting *Scott v. Clay Cnty.,* 205 F.3d 867, 873 n. 9 (6th Cir. 2000))).

Plaintiff has the burden to establish that the law was clearly established at the relevant time. *Key v. Grayson,* 179 F.3d 996, 1000 (6th Cir. 1999) (quoting *Cope v. Heltsley,* 128 F.3d 452, 459 (6th Cir. 1997)). And "[c]learly established law is not defined at a high level of generality." *Vanderhoef v. Dixon*, 938 F.3d 271, 278–79 (6th Cir. 2019).

The Sixth Circuit has found that prisoners have a First Amendment right to send and receive mail, subject to reasonable limitations for "legitimate penological objectives." *Sallier v. Brooks*, 343 F.3d 868, 873–74 (6th Cir. 2003). But due to the need to balance the prison's needs for security and safety against the prisoner's countervailing legal rights, the Supreme Court has approved of prison policies under which prison officials open prisoner legal mail in the prisoner's presence where the prisoner requests that they do so. *Wolff v. McDonnell*, 418 U.S. 539, 576–77

5

(1974); *Sallier*, 343 F.3d at 874.  Generally, to be considered constitutionally protected legal mail, such mail must be "properly and clearly marked" as such.  *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996).

In his complaint and in his untimely response to Defendants' motion to dismiss, Plaintiff relies on various Sixth Circuit cases to assert that the opening of his legal mail after he requested that jail officials open his legal mail in his presence asserts violation of a clearly established right. These cases include *Sallier*, *Kensu*, *Parrish v. Johnson*, 800 F.2d 600 (6th Cir. 1986), *Knop v. Johnson*, 977 F.2d 996 (6th Cir. 1992), and *Lavado v. Keohane*, 992 F. 2d 601 (6th Cir. 1993)[1] [Doc. 2 p. 6–11; Doc. 23 p. 2–4].  The Court agrees with Plaintiff that these cases generally support this assertion.  For example, in *Sallier*, the Sixth Circuit held that mail from a court is constitutionally protected "legal mail" that guards cannot open outside of the prisoner's presence after the prisoner requests that legal mail be opened in his presence, affirmed a jury's award of damages for a prison guard's act of reading a prisoner's mail from an attorney outside of his presence after he had requested legal mail be opened in his presence, and finding that, as it was not clearly established that mail from courts was "legal mail" at the time of the incidents in the complaint, the defendants were entitled to qualified immunity for the plaintiff's claims arising out of these pieces of mail.  *Sallier*, 343 F.3d at 873–81.  The Court further notes that, in 2009, the Sixth Circuit expressly found that a plaintiff's allegation that the defendants had opened two or three pieces of his legal mail was sufficient to allege a violation of the Plaintiff's clearly established

---

[1] Plaintiff also cites *Wolff v. McDonnell* to support the assertion that courts have approved prisoner policies that allow prisoners to request to have guards open their legal mail in front of them [Doc. 2 p. 7; Doc. 23 p. 3].  But as Plaintiff does not rely on this case to establish that he had a clearly established First Amendment right to have his legal mail opened in front of him, which is the relevant issue before the Court, and this case also does not appear to support such an assertion, the Court does not include it here.

First Amendment rights. *Merriweather v. Zamora et al.*, 569 F.3d 307, 317 (6th Cir. June 24, 2009) (citations omitted).

However, after their opinions in the cases Plaintiff cites in his filings and their opinion in *Merriweather*, the Sixth Circuit decided *Stanley v. Vining*, 602 F. 3d 767 (6th Cir. 2010). In *Stanley*, the prisoner plaintiff alleged that a defendant prison guard read the plaintiff's legal mail in front of him in violation of the applicable prison regulations and his First, Fourteenth, and Sixth Amendment rights. *Id.* at 769–71. The Sixth Circuit affirmed the district court's dismissal of the *Stanley* complaint for failure to state a plausible claim upon which relief could be granted under § 1983. *Id.*

In affirming the district court's dismissal of the *Stanley* complaint, the Sixth Circuit first noted that, as the *Stanley* plaintiff had received a hearing regarding his grievance challenging the guard's act of reading his legal mail, he had not alleged a cognizable claim for denial of procedural due process. *Id.* at 769–70.

Also, as to any "possibility of a cognizable substantive due process claim under the First Amendment for denial of access to the courts" based on the *Stanley* plaintiff's allegation of interference with legal mail, the Sixth Circuit pointed out that the plaintiff had not alleged any prejudice to a legal claim, as required to state such a claim. *Id.* at 670. The Sixth Circuit then specifically stated that although the *Stanley* plaintiff "ha[d] a First Amendment right to be free from unreasonable mail censorship, he ha[d] no First Amendment right that prevents a guard from opening his mail in his presence and reading it with an eye to determining if illegal conduct is afoot." *Id.* The Sixth Circuit then stated that, for such a First Amendment claim to be plausible, "[t]here must be some allegation that the prison official's conduct amounted to denial of access to the courts or some form of censorship of speech." *Id.* (citing *Corsetti v. McGinnis,* 24 Fed. App'x

7

238, 241 (6th Cir. 2001) ("Regarding the alleged reading of Corsetti's legal mail and legal materials, Corsetti has not alleged, nor is there any evidence, that any papers were seized or that the defendants' reading of the papers caused actual injury or 'hindered his efforts to pursue a legal claim.'" (quoting *Lewis v. Casey,* 518 U.S. 343, 351)) and *Wardell v. Duncan,* 470 F.3d 954, 959 (10th Cir. 2006) ("A plaintiff must show that non-delivery of his legal mail resulted in actual injury by frustrating, impeding, or hindering his efforts to pursue a legal claim.") (internal quotation marks and citations omitted)).

The *Stanley* court further found that, as the plaintiff had not alleged any interference with his relationship with his counsel, he had not alleged a plausible claim for violation of the Sixth Amendment. *Id.* ("In order to state a § 1983 cognizable claim for deprivation of right to counsel, there must be some allegation indicating an interference with the prisoner's relationship with counsel.").

Additionally, in its conclusion, the *Stanley* court emphasized that its opinion therein established that "no constitutional provision flatly prohibits as unlawful censorship a prison from opening and reading a prisoner's mail unless it can be shown that the conduct interferes with the prisoner's right to counsel or access to the courts or violates his rights of equal protection or procedural due process." *Id.* at 771. And notably, the dissent in *Stanley* cited *Sallier* and *Merriweather*, as well as other relevant prior Sixth Circuit cases regarding mail interference, and specifically pointed out that the majority opinion in *Stanley* "impose[d] . . . a higher standard" for prisoners to plead a constitutional violation regarding legal mail interference. *Id.* at 772–73.

Accordingly, while the facts of *Stanley* (where the prisoner plaintiff alleged a prison guard read his legal mail in front of him) are distinguishable from the facts herein (where Plaintiff alleges Defendants opened his legal mail prior to delivering it to him despite him filing a request that he

8

be present for the opening of his legal mail), that is a distinction without a difference as to the relevant issue before the Court in this case. Specifically, as set forth above, the relevant takeaway from *Stanley* for purposes of the instant motion to dismiss is that it requires a prisoner plaintiff alleging interference with legal mail to also assert that the alleged interference caused him prejudice to a legal matter, violated his right of equal protection, and/or denied him due process in order to state a plausible claim for violation of § 1983.

And Plaintiff has not cited any post-*Stanley* case law at all, much less any post-*Stanley* case law from the Sixth Circuit or the Supreme Court that supports his assertion that Defendants' act of opening his legal mail, standing alone, violated his clearly established constitutional rights. *T.S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)) (providing that once qualified immunity has been pleaded by a defendant, the plaintiff bears the burden of overcoming the defense by showing both "that the challenged conduct violated a constitutional or statutory right, and that the right was so clearly established at the time of the conduct 'that every reasonable official would have understood that what he [was] doing violate[d] that right.'").

Accordingly, based on *Stanley*, the Court finds that, at the time of the 2025 incidents alleged in Plaintiff's complaint, it was not clearly established that Defendants' alleged acts of opening Plaintiff's legal mail outside of his presence after Plaintiff had requested that such mail be opened in his presence rose to the level of a constitutional violation. The Court further finds that Plaintiff's complaint does not plausibly allege that Defendants' alleged interference with his legal mail violated his right to access the courts, his right to procedural due process, or his Sixth Amendment right to counsel. As such, it does not allege a violation Plaintiff's clearly established constitutional rights.

9

Specifically, the complaint does not allege that Defendants' alleged opening of his legal mail interfered with a meritorious legal claim, as required to state a plausible claim for violation of access to the courts. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (holding that a plaintiff must plead that his meritorious claim was prejudiced by the alleged denial of adequate legal resources to state a claim for denial of access to courts) (citation omitted). Nor does Plaintiff plausibly allege that the interference with his mail deprived him of "a property or liberty interest for which there is no reasonable state remedy provided," as required to state a plausible procedural due process claim. *Stanley*, 602 F. 3d at 769–70 (citations omitted); *Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983). Plaintiff also does not set forth any facts suggesting that the alleged interference with his legal mail interfered with his relationship with his counsel, as required to state a plausible Sixth Amendment claim. *Stanley*, 602 F.3d at 770.

For all these reasons, Plaintiff's complaint fails to state a plausible claim for violation of § 1983, and Defendants are entitled to qualified immunity. As such, Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) [Doc. 14] is **GRANTED**, and this action will be **DISMISSED**.

## III. CONCLUSION

For the reasons set forth above:

1. Defendants' motion to strike [Doc. 17] is **DENIED**;

2. Defendants' motion to dismiss [Doc. 14] is **GRANTED**;

3. Defendants' objection to Plaintiff's discovery [Doc. 21] is **OVERRULED as moot**, and the other pending motions in this case [Docs. 20, 22] are **DENIED as moot**;

4. This action will be **DISMISSED**; and

5.  The Court **CERTIFIES** that any appeal from this decision would not be taken in good faith.  As such, this Court will **DENY** Plaintiff leave to proceed *in forma pauperis* on any subsequent appeal.

**SO ORDERED.  AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**


s/Clifton L.Corker
United States District Judge


11